IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TIFFANY GILLEYLEN                                                                PLAINTIFF

V.                                                         CIVIL ACTION NO.: 1:16CV94-SA-DAS

CITY OF TUPELO, MISSISSIPPI                                                     DEFENDANT

ORDER

This matter arises from Plaintiff's Objection to the Magistrate Judge's Order regarding certain discovery issues. Plaintiff filed her Objection [47] to the Order and its corrected version [42, 43]. Defendant responded [50], and this motion is ripe for review.

*Analysis*

A magistrate judge may rule directly on a nondispositive pretrial motion. 28 U.S.C. § 636(b)(l)(A). When objections are raised to such a ruling, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948).

Federal Rule of Evidence 401(a) defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence . . . ." However, information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(3). Under Rule 26, a party may request production of documents and things, including any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. The Fifth Circuit has traditionally adhered to a broad and liberal treatment of the federal discovery rules. *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 67 S. Ct. 385, 388 91 L. Ed. 451 (1947)).

Furthermore, although plaintiff is not entitled to embark on a fishing expedition, "[d]iscovery is not to be denied because it relates to a claim or defense that is being challenged as insufficient." 8 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 2008, at 137 (3d ed.) (2012).

A. The "201 Files"

Plaintiff has been a police officer for the City of Tupelo for sixteen years. She complains that while working as an officer, she was wrongfully denied a promotion to sergeant multiple times. She alleges that although other similarly situated candidates were less qualified than she was, they were promoted to sergeant because they are white males. Purportedly, at least one of these successful candidates, Lee Miller, was promoted even though he committed serious disciplinary offenses. Plaintiff posits that no disciplinary action has ever been taken against her, making her more qualified for the position. Therefore, Plaintiff requested the production of Tupelo Police Department officer files maintained for Lee Miller and Clay Hassell, another successful candidate. These files, which contain personnel and disciplinary information, are generally known as the "201 files." Defendant counters that the panel considered only the performance by each applicant at their interview in the scoring, and did not consider the information within the

files. However, deposition testimony showed that members of the interview panel sometimes took personal experiences with the officers they were interviewing into account when scoring.

The Magistrate Judge ruled that the evidence contained in Miller and Hassell's files is irrelevant, because Plaintiff had not shown a basis for their compulsion. According to the Magistrate Judge, "defense counsel was adamant that the interview panel was not presented with any of this information." The parties have now fully briefed their arguments in this matter, and the Court is more aware of Plaintiff's basis for seeking production of the "201 files." The evidence is arguably essential to Plaintiff's claim that the panel was discriminatory in making its choice, and that the Chief of Police merely gave cursory review of the panel's findings. Therefore, the Plaintiff's objection is sustained as to Requests for Production Numbers 14(a), 14(c), 14(d), 14(f), and 16.

  B.  Statistical and Related Evidence

Plaintiff's Request for Production Number 14(b) sought interview sheets relating to the award of a Sergeant's position to Chamilla Brown. Plaintiff alleged that Brown is white, and that Brown had substantially fewer qualifications than another unsuccessful black applicant did, but that she received a promotion anyway. However, according to Brown's submitted affidavit, she is of Hispanic ethnicity. The Magistrate Judge found Plaintiff's allegation regarding Brown to be too tenuously connected to Plaintiff's cause to be considered relevant. The Plaintiff's problems lie with the interview panel and Chief who passed *her* over for those outside of the protected class. Anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1221 (5th Cir. 1995) (overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)). Plaintiff

has not presented argument that the unnamed candidate was similarly situated to Plaintiff. Furthermore, a magistrate judge's non-dispositive order may only be set aside if it "is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). Therefore, the Magistrate Judge's order stands, as Plaintiff has not shown it is clearly erroneous or contrary to law.

Finally, Plaintiff sought information regarding all applications for police officer positions since Bart Aguirre became Chief of Police, including those who were hired and those who were not. Specifically, Plaintiff hopes to examine applications submitted by African American applicants. Plaintiff wishes to compare African American hires to non-African American hires, on the theory that the statistical evidence will show that Defendant discriminates against African Americans "as a class." However, Plaintiff complains of specific instances of disparate treatment under Section 1981 in her Complaint, but she has not alleged race based disparate impact. *See National Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 714–15 (5th Cir. 1994) ("To prove a cause of action under section 1983 based on a violation of equal protection, Plaintiffs are required, as under section 1981, to demonstrate intentional discrimination; mere disparate impact will not suffice"). Additionally, this evidence would not tend to suggest that the four patrol lieutenants on her interview panel were discriminatory in failing to promote her, specifically, because they did not necessarily conduct interviews for other police officer positions. Therefore, Plaintiff's Objection is overruled regarding Requests for Production 14(b), 15, 18, and 17.

*Conclusion*

The Magistrate Judge's decision is overruled in part; error has been found regarding. documents 14(a), 14(c), 14(d), 14(f), and 16. However, the objection to Magistrate Judge's decision regarding Requests for Production 14(b), 15, 18, and 17 is overruled.

SO ORDERED this the 2nd day of August, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE